UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO D. ALLEN, | ) |
| Plaintiff, | ) ) ) Case No. 24 CV 12563 |
| v. | ) ) Judge Sharon Johnson Coleman |
| CITY OF CHICAGO, et al., | ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff Mario D. Allen ("Plaintiff") filed a seven-count complaint against the City of Chicago, Officers Marcus Turner, Jim Bailey Jr., Michael Brown, Luis Nunez, Brian Kinnane, Alex Coan, and Anthony Sanchez, and other unidentified officers of the Chicago Police Department (collectively, "Defendants") arising from an incident during which the Chicago Police Department ("CPD") entered and searched Plaintiff's home without a search warrant. Before the Court is Defendants' motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) [15]. For the following reasons, the Court grants in part Defendants' motion to dismiss as to Count IV for intentional infliction of emotional distress, but denies the motion as to the remaining counts.[1]

**I.     Background**

The following facts are taken from the complaint and accepted as true for the purpose of resolving the instant motion to dismiss. On March 14, 2023, Plaintiff resided at 9154 S. May in Chicago, Illinois. (Dkt. 1 ¶ 12.) At approximately 5:00 P.M., CPD received a call about a suspect in the surrounding area. (*Id.* ¶ 13.) CPD officers, including the named defendants in this action, entered

---

[1] Plaintiff voluntarily agreed to dismiss his count for negligent infliction of emotional distress (Count V), although appears to mislabel that count as "Count VI." (*See* Dkt. 22 at *9.)

and searched Plaintiff's home without a warrant to search for the suspect. (*Id.* ¶ 3.) Plaintiff was not home during the search. (*Id.* ¶ 14.) CPD officers provided Plaintiff with no notice of their entry and search of his home, and as a result, Plaintiff did not learn that officers had entered his home until he reviewed video footage of the incident. (*Id.* ¶ 18.) CPD officers did not find a suspect in Plaintiff's home, did not arrest or charge anyone, and did not find any contraband during their search. (*Id.* ¶ 15.)

In or around March 2023, Plaintiff filed a complaint with the Civilian Office of Police Accountability ("COPA"). (*Id.* ¶ 20.) COPA responded that it would investigate the matter. (*Id.*)

Plaintiff alleges in this action that officers, having observed neither a suspect entering Plaintiff's home nor any forced sign of entry, entered Plaintiff's home recklessly and without probable cause. (*Id.* ¶¶ 3, 14, 15, 28.)

Plaintiff initiated this action seeking damages for alleged Fourth Amendment violations arising under 42 U.S.C. § 1983 (Count I), invasion of privacy (Count II), trespass (Count III), intentional infliction of emotional distress (Count IV), negligent infliction of emotional distress (Count V), respondeat superior (Count VI), and indemnification (Count VII). Defendants now move to dismiss Plaintiff's complaint for failure to state a claim.

## II.      Legal Standard

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). A complaint must contain factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**III. Discussion**

Plaintiff alleges that officers violated his Fourth Amendment rights when they entered his home without a warrant to search for a suspect that they recklessly believed had entered his home. Defendants move to dismiss on the basis that (1) the existence of exigent circumstances justified officers' entry into Plaintiff's home, (2) Defendants are entitled to qualified immunity, and (3) Plaintiff cannot recover for intentional infliction of emotional distress because he was not present at the time officers entered.

    A. <u>Police Body-Worn Camera and Helicopter Footage</u>

In support of their motion, Defendants submit officer body-worn camera ("BWC") and police helicopter footage of the incident on March 14, 2023 asking the Court to take judicial notice of it because (a) it is central to and was relied upon in crafting Plaintiff's claims; (b) it blatantly contradicts and discredits Plaintiff's version of events and contention that officers were not in hot pursuit of a suspect and were without probable cause; and (c) the complaint references video footage capturing the incident, even if it does not specifically identify the source of that footage. (*See* Dkt. 22, Exs. A–E.)

The Court finds no basis to justify consideration of the helicopter and BWC footage for purposes of resolving Defendants' motion to dismiss. First, although the complaint references "video footage," it is not clear whether that footage is a reference to the helicopter and BWC footage provided by Defendants or video footage from other sources. *See* Dkt. 1 ¶ 3 ("Video footage shows that the officers did not find anyone in Plaintiff's home. Video footage does not show anyone entering or exiting the plaintiff's home."). Defendants admit as much. (*See* Dkt. 15 at *5 ("Plaintiff does not specifically reference Defendants' BWC and the [police helicopter] video.").) The Court is consequently reluctant to consider the videos at this juncture through incorporation by reference.

3

Second, the Court acknowledges that Plaintiff does not challenge the accuracy of the footage and fails to respond to Defendants' argument as to why the footage should be considered. Even so, "a district court deciding a motion to dismiss[] may not defy the Supreme Court's command to accept all facts in the complaint as true, and instead rely on video evidence unless the video 'utterly discredits' the non-movant's version of the facts such that there could be no reasonable disagreement about what the video depicts." *Esco v. City of Chicago*, 107 F.4th 673, 679 (7th Cir. 2024) (quoting *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007)) (citing cases) (cleaned up).

The Court cannot find that the helicopter and BWC footage "clearly and definitively discredit[s]" Plaintiff's factual allegations in his complaint. *Id.* For instance, the police footage does not refute Plaintiff's allegations that: (a) officers did not find anyone in his home, (b) no suspect entered or exited his home, (c) officers did not find any sign that a suspect had entered, (d) officers did not arrest anyone, or (e) officers did not discover contraband. *See* Dkt. 1 ¶¶ 3, 15. Indeed, the Court cannot even say with certainty that the video footage depicts certain details that Defendants claim it depicts, including that the suspect "ran back towards Plaintiff's backyard," (Dkt. 15 at *6), that officers "used an open window"—as opposed to an unlocked, but closed window—to gain entry, (*id.*, *see also* Ex. B, X6039C2M5 at 17:14:40; Ex. F, X6039B9JY at 17:12:29), and that the suspect was armed (*id.* at *7).

Because the footage is open to interpretation and does not "clearly and definitively discredit" Plaintiff's version of the facts, the Court will not rely on such footage to decide the instant motion. *See Handy v. Weathersby*, 2025 WL 27500, at *7 (N.D. Ill. Jan. 3, 2025) (Cummings, J.) (declining to grant motion to dismiss based on video evidence that did not "clearly and definitively discredit" plaintiff's version of the facts).

B. <u>Exigent Circumstances</u>

Defendants argue that officers' hot pursuit of a fleeing armed carjacker justifies their warrantless entry into Plaintiff's home under the exigency exception to the warrant requirement. Defendants also intimate that entry was necessary to stabilize "a potentially dangerous situation where there was a very real possibility that a carjacking suspect armed with a gun had entered an occupied home . . . or at the very least in the immediate area." (Dkt. 15 at *8.)

Under the Fourth Amendment, "searches and seizures inside a home without a warrant are presumptively unreasonable." *Welsh v. Wisconsin*, 466 U.S. 740, 749, 104 S. Ct. 2091, 80 L. Ed. 2d 732 (1984) (quoting *Payton v. New York*, 445 U.S. 573, 586, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980)). Warrantless entry and search of a home is "allowed when police have a reasonable belief that exigent circumstances require immediate action and there is no time to secure a warrant." *United States v. Jenkins*, 329 F.3d 579, 581 (7th Cir. 2002). "Exigent circumstances are narrowly defined as (1) when officers are in hot pursuit of a fleeing felon, (2) to prevent the imminent destruction of evidence, (3) to prevent a suspect's escape, or (4) to address the risk of danger to the police or to other persons inside or outside the dwelling." *Wiek v. City of Chicago*, 2012 WL 366569, at *4 (N.D. Ill. Jan. 30, 2012) (Hibbler, J.) (citing *Minnesota v. Olson*, 495 U.S. 91, 100, 110 S. Ct. 1684, 109 L. Ed. 2d 85 (1990)). The exigencies must lead a reasonable officer to believe that there was "a compelling need for official action and no time to secure a warrant." *Lange v. California*, 594 U.S. 295, 295, 141 S. Ct. 2011, 210 L. Ed. 2d 486 (2021) (quoting *Kentucky v. King*, 563 U. S. 452, 460, 131 S. Ct. 1849, 179 L. Ed. 2d 865 (2011)).

To determine whether exigent circumstances existed, the Court must assess whether officers' warrantless entry into Plaintiff's home was objectively reasonable in light of the totality of the circumstances. Defendants' argument relies almost entirely on video footage that this Court will not consider for purposes of this motion. Based on the allegations within the four corners of the

5

complaint, including that there was "[no] sign that the suspect had ever entered or exited Plaintiff's home," (Dkt. 1 ¶ 15), the Court cannot conclude at this stage of the case that exigent circumstances existed. To the extent Defendants argue that warrantless entry was justified to address the potential risk of danger to third parties, that argument is unpersuasive, as Defendants do not identify any third party who was at risk. *See Wiek*, 2012 WL 366569, at *4.

C. Qualified Immunity

Defendants argue that BWC and helicopter footage establish that officers acted reasonably under the Fourth Amendment and therefore Defendants are entitled to qualified immunity. Under the doctrine of qualified immunity, "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The Court, having decided against considering the video footage in resolving this motion, rejects Defendants' immunity argument because a reasonable jury could find that Defendants' actions were unreasonable under established law.

D. State Law Claims

Defendants ask this Court to dismiss Counts II and III for invasion of privacy and trespass on the same grounds as were argued for dismissal of Plaintiff's Fourth Amendment violation claim. Because the Court cannot find at this stage that exigent circumstances existed warranting officers' entry under the Fourth Amendment, the Court denies Defendants' motion as to Counts II and III.

Next, Defendants seek to dismiss Count IV for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress under Illinois law, a plaintiff must allege: "(1) the defendant's conduct was truly extreme and outrageous; (2) the defendant intended to inflict severe emotional distress (or knew that that there was at least a high probability that its conduct would

cause severe emotional distress); and (3) the defendant's conduct did in fact cause severe emotional distress." *Richards v. U.S. Steel*, 869 F.3d 557, 566 (7th Cir. 2017) (citing *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 80 (Ill. 2003)). Because the conduct must be "undertaken with either purpose or recklessness," "[i]nherent to the requisite state of mind . . . is the defendant's knowledge of at least the person who is substantially certain to suffer emotional distress." *Colunga v. Advocate Health & Hosps. Corp.*, 232 N.E.3d 72, 79 (Ill. App. Ct. 2023). Here, because Plaintiff does not allege that officers knew that he resided at the home they entered and searched, and was not present at the time of the officers' entry, Plaintiff's claim for intentional infliction of emotional distress cannot survive.

## IV. Conclusion

For the foregoing reasons, the Court grants in part Defendants' motion to dismiss [15] as to Count IV for intentional infliction of emotional distress, but denies the motion as to the remaining counts.

**IT IS SO ORDERED.**

Sharon Johnson Coleman
United States District Judge

DATED: 9/18/2025